IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Ketra Whitfield,** | Case No. 1:21cv34 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Cuyahoga County Department of Children and Family Services**, *et al*., | MEMORANDUM OPINION AND ORDER |
| **Defendants.** | |

### Background

*Pro se* plaintiff Ketra Whitfield has filed a complaint in this matter, naming the Cuyahoga County Department of Children and Family Services ("CFS") and the Warshitaw County Sheriff's Office as defendants. (Doc. No. 1.)

In her complaint, the plaintiff alleges she was contacted by a CFS child protective services worker named Brittany upon her release from University Hospitals in August 2020, and that she was told by Brittany that she had received a call from University Hospitals in regards to the plaintiff's children having a stable place to live. (*Id*. at 2.) The plaintiff alleges that she answered Brittany's questions, but that within hours of hanging up with Brittany, she was "pulled over by police, immediately snatched from her car in front of her son," handcuffed, and arrested for kidnapping her child without any explanation. (*Id*.)

The plaintiff contends she was wrongfully arrested for kidnapping her child. In addition, she contends her constitutional rights were violated because CFS placed her children in emergency

custody without evidence of abuse or neglect. According to the plaintiff, there was "absolutely no reason" for the CFS agency to remove her children from her custody. (*Id*. at 3.) And she complains that CFS "changed the reason" for placing her children in emergency care. (*Id*. at 4.) She contends the child protective services worker first told her there was concern that the plaintiff's children did not have a safe place to live, but later "changed the reason" and stated that her children were placed in emergency care because of the plaintiff's mental health and refusal to wear a mask. (*Id*.)

Asserting claims under 42 U.S.C. § 1983 for a violation of her rights under the Fourteenth Amendment (Count I) and False Imprisonment under 25 CFR § 11.404 (Count II), she seeks damages and release of the custody of her children from protective services. (Doc. No. 1 at 4.)

With her complaint, the plaintiff filed a motion to proceed *in forma pauperis.* (Doc. No. 2.) That motion is granted.

**Standard of Review**

Because the plaintiff is proceeding *in forma pauperis*, her complaint is now before the Court for initial screening under 28 U.S.C. § 1915(e)(2)(B). That statute requires district courts to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.*

Although *pro se* pleadings are construed liberally, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* plaintiffs must still meet basic pleading requirements and courts are not required to "conjure allegations on [their] behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). In order to survive a dismissal for failure to state a claim under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)). The complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

## Discussion

Upon review, the Court finds that the plaintiff's complaint must be dismissed. Even liberally construed, it does not set forth allegations sufficient to state any plausible claim.

First, the plaintiff's complaint fails to state any plausible claim upon which she may be granted relief under § 1983, which provides a remedy for deprivations of constitutional rights caused by a "person" acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2002).

County departments of children's services are branches of county governments and are not persons subject to suit under § 1983 in their own right. *See Rose v. Dep't of Children & Family Servs.*, No. 1:19 CV 127, 2019 WL 2123067, at *2 (N.D. Ohio May 15, 2019) (Cuyahoga County Department of Children and Family Services is not *sui juris* and cannot be sued in its own right) (collecting cases); *Rose v. Cuyahoga County Department of Children and Family Services*, No. 1: 18 CV 656, 2019 WL 2021716, at *3 (N.D. Ohio May 8, 2019); *Loper v. Cuyahoga County Children and Family Services*, No. 1:18 CV 1598, 2019 WL 1597552, at *2 (N.D. Ohio, April 15, 2019). Accordingly, the plaintiff has alleged no cognizable claim under § 1983 against CFS.

Even to the extent the plaintiff's complaint is construed against Cuyahoga County instead of CFS, it fails to state a plausible claim. A local government may be liable under § 1983 only when its

own "policy or custom" causes a constitutional injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The plaintiff does not claim or allege facts in her complaint plausibly suggesting that an unconstitutional policy or custom of Cuyahoga County itself caused the conduct of which she complains or resulted in the deprivation of her rights.

The plaintiff's complaint also fails to allege a plausible claim under § 1983 against the Warshitaw County Sheriff's Office. Other than identifying the "Warshitaw County Sheriff's Office" in the caption of her complaint, the plaintiff fails to set forth any discernible allegations of misconduct against it in the body of her complaint. Accordingly, her complaint is subject to summary dismissal as against it. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir.2004) (where defendants are merely named in the caption of a complaint without specific allegations of wrongful conduct, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* pleadings).

In addition, the plaintiff's complaint fails to allege any cognizable claim under 25 C.F.R. § 11.404, which regulation provides that "[a] person commits a misdemeanor if he or she knowingly restrains another unlawfully so as to interfere substantially with his or her liberty." *Id*. Section 11.404, however, establishes a misdemeanor criminal offense in the context of Indian affairs and does not provide a private right of action or civil remedy in any context. *See, e.g.*, *Ogletree v. Vigil*, No. 17-3724, 2018 WL 582391, at *2 (E.D. La. Jan. 29, 2018); *Brown v. Culick*, No. 3: 20-395, 2020 WL 564574, at *4 (D.S.C. Feb. 4, 2020).

**Conclusion**

For all of the foregoing reasons, the plaintiff's complaint fails to state any plausible claim and therefore, is dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: April 27, 2021

    s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE